## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES W. McNEESE,

      **Plaintiff,**

      v.                       **CASE NO.  25-3060-JWL**

(FNU) ANDERSON, et al.,

      **Defendants.**

### <u>MEMORANDUM AND ORDER</u>

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff is in custody at the Sedgwick County Jail in Wichita, Kansas ("SCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.  (Doc. 3.)

Plaintiff alleges that Officer Anderson came into Plaintiff's cell while doing rounds and injected a foreign object into Plaintiff's side, leaving a visible scar. (Doc. 1, at 2.)  Plaintiff states that he believes that at the time of the incident, "the courts had order [sic] for the foreign object to be placed."  *Id.* at 3.  Plaintiff acknowledges that he has not exhausted his administrative grievances, "because the [SCJ] had covered up there [sic] tracks of the evidence."  *Id.* at 5.  As his request for relief, Plaintiff seeks to have the foreign object removed and to have his criminal case dismissed.  *Id.*

The Court is dismissing this case as duplicative and frivolous or malicious.  This is Plaintiff's fourth case that he has filed based on this same claim.  Plaintiff raises the same claim in this case that he raised in Case No. 24-3153.  *See McNeese v. Anderson*, Case No. 24-3153-JWL (D. Kan.).  Case No. 24-3153 was dismissed for failure to state a claim on November 4, 2024.  *Id.* at Docs. 9, 10.   Plaintiff filed a Notice of Appeal (Doc. 15) which was dismissed by the Tenth Circuit Court of Appeals for failure to prosecute.  *Id.* at Doc. 22.

Plaintiff then filed the same claims in Case No. 24-3227 on December 16, 2024. *See McNeese v. Anderson*, Case No. 24-3227-JWL (D. Kan.). On January 29, 2025, Case No. 24-3227 was dismissed as duplicative and as frivolous or malicious. *See id.* at Doc. 10.

On February 13, 2025, Plaintiff filed Case No. 25-3026-HLT-ADM. That case raises the same claim and is currently pending.

The Court dismisses this matter is duplicative. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013). Any further actions filed by Plaintiff's based on this same incident may be summarily dismissed as duplicative and frivolous or malicious.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as frivolous or malicious.

**IT IS SO ORDERED**.

**Dated April 4, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**